O’Neall, J.
I am satisfied with the view presented by my brother Evans, and therefore concur in it.
This last case would seem to have been decided independently altogether of the saving as to non resident defendants, in the statute of Anne. For that statute only provides, that persons entitled to the causes of action by the statute of James, “shall be at liberty, if the person against whom the cause of suit exists, were at the time of such cause of action accrued, &c., beyond the seas, to bring the said action against such person after his return from beyond the seas; so as they take the same after his return from beyond seas, within the time limited, &c.” As the party in the last case cited never did return, this provision did not apply, and the case depended upon the true meaning and construction of words in the English statute of limitations precisely similar to ours. Parties are a necessary incident to a complete cause of action, in reference to our own laws and the jurisdiction of our own courts, and a party who, with reference to them, may be sued, is equally necessary as a party capable of suing. The result of this construction, applied to the particular case before the court, is that the plaintiff’s cause of action, did not, in fact, accrue against Mitchell, "the defendant, (who was out of the State at the time,) upon the payment of the money by the plaintiff on his account, but accrued upon his return to the State, or in other words at the moment of his amenability to the jurisdiction of our laws. This construction harmonizes entirely with the spirit and design of our own statute of limitations, and with the general principles applicable to all statutory limitations of the rights of action. — (See Chitty on Cont. 627, 631.) R.